**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122429

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Georgio Dano, | § § § | |
| Plaintiff, | § § | Case No: 1:21-cv-00598 |
| v. | § § | **COMPLAINT** |
| InfoWars, LLC | § § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § § | |

Plaintiff Georgio Dano ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant InfoWars, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these images which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's videos and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.infowars.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed a still image from the Plaintiff's Video on the Website and engaged in

this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Georgio Dano is an individual who is a citizen of the State of New York and maintains a principal place of business at 21 Cabot Place, Staten Island in Richmond County, New York.

7. On information and belief, defendant InfoWars, LLC, is a Texas Limited Liability Company with a principal place of business in Austin in Travis County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over InfoWars, LLC because it maintains its principal place of business in Texas.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because InfoWars, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to publications.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which the Plaintiff owns protectable copyright interests.

15. InfoWars, LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it sells merchandise to the public and, on information and belief, Defendant profits from these activities.

18. On or about December 1, 2020, Plaintiff Georgio Dano authored a Video of a police operation against a New York business allegedly violating the state's COVID-19 restrictions (the "*Video*"). A copy of a still image from the Video is attached hereto as Exhibit 1.

19. Plaintiff applied to the USCO to register the Video on or about December 14, 2020 under Application No. 1-9976532441.

20. The Video was registered by the USCO on December 14, 2020 under Registration No. PA 2-276-255.

21. On or about December 3, 2020, Plaintiff observed a still image from the Video on the Website in a story dated December 2, 2020. A copy of the screengrab of the still image from the Video from the Website is attached hereto as Exhibit 2.

22. A copy of the still image from the Video was displayed at URL: https://www.infowars.com/posts/nypd-conducts-sting-operation-against-bar-owner-defying-draconian-covid-restrictions/.

23. A copy of the still image from the Video was stored at URL: https://api-assets.infowars.com/2020/12/macpublichousew2498298.jpg.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected material as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the still image from the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific

3
PLAINTIFF'S COMPLAINT

infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is an exact copy of the still image from the Plaintiff's original Video that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

29. On information and belief, the still image from the Video was willfully and volitionally posted to the Website by Defendant.

30. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

31. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

32. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

33. On information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

34. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

35. On information and belief, Defendant monitors the content on its Website.

36. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

37. On information and belief, the Infringement increased traffic to the Website and,

in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

38. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Photograph.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Video is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of a still image from the Video and the display of the still image constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the

public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing article on the Website.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

49. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

  a. finding that Defendant infringed Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

  b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c),

whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 6, 2021

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122429